# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the Purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**04-00008**

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| UNITED STATES OF AMERICA | $113,102.00 UNITED STATES CURRENCY |
| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____ (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
| © ATTORNEYS (FIRMS NAME, ADDRESS, AND TELEPHONE NUMBER) Karon V. Johnson, 108 Hernan Cortez Ave., Hagatna, GU 96910 | ATTORNEYS (IF KNOWN) |

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

☒ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizen of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

United States currency used, exchanged for controlled substances in violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., and is therefore subject to forfeiture to the United States pursuant 21 U.S.C. § 881(a)(6).

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury- Med Malpractice | ☒ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgement | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suit | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | | | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 892 Economic Stabilization Act |
| | | | ☐ 720 Labor/Mgmt. Relations | | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 861 HIA (1395ff) | ☐ 894 Energy Allocation Act |
| | | | | ☐ 862 Black Lung (923) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 863 DIWC (405(g)) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | | | ☐ 863 DIWW (405(g)) | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | | ☐ 540 Mandamus & Other | | ☐ 865 RSI (405(g)) | |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| | | | | ☐ 871 IRS-Third Party 26 USC 7609 | |

**RECEIVED FEB 27 2004 DISTRICT COURT OF GUAM HAGATNA, GUAM**

## VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (Specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgement

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23
**DEMAND $**
Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☒ NO

## VIII. RELATED CASES(S) (See instructions): IF ANY
JUDGE _____ DOCKET NUMBER _____

DATE 2/27/04   SIGNATURE OF ATTORNEY OF RECORD   /s/ Karon V. Johnson

UNITED STATES DISTRICT COURT

**ORIGINAL**

$113,2000.COM

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America

**FILED**
DISTRICT COURT OF GUAM
FEB 27 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL CASE NO. **04-00008** |
| Plaintiff, | ) | |
| vs. | ) | **VERIFIED COMPLAINT OF FORFEITURE** |
| $113,102.00 UNITED STATES CURRENCY, | ) | |
| Defendant. | ) | |

COMES NOW the plaintiff United States of America, by and through its attorneys, Leonardo M. Rapadas, United States Attorney, and Karon V. Johnson, Assistant United States Attorney, and respectfully states as follows:

1. This is a civil action <u>in rem</u> brought to enforce the provision of 21 U.S.C. § 881(a)(6) for the forfeiture of United States currency which was used or intended to be used in exchange for controlled substances or which represents proceeds of trafficking in controlled substances or

-1-

Case 1:04-cv-00008   Document 1-2   Filed 02/27/2004   Page 1 of 6

was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. §§ 801 et seq.

2. This court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355.

3. The defendant is $113,102.00 in United States Currency.

4. The defendant $113,102.00 United States Currency was seized while located within the jurisdiction of this Court.

5. The facts and circumstances supporting the seizure and forfeiture of the defendant currency are contained in the Declaration of DEA Task Force Agent Franklin Gutierrez, attached hereto and incorporated herein as Exhibit A.

6. On February 11, 2004, a claim was tendered by claimant McCarthy O. Carter.

7. The defendant $113,102.00 United States Currency was used, or intended to be used, in exchange for controlled substances, or represents proceeds of trafficking in controlled substances or was used or intended to be used to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801, et seq., and is therefore subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

**WHEREFORE**, the United States of America prays that process of warrant in rem issue for the arrest of the defendant $113,102.00 United States Currency; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the defendant $113,102.00 United States Currency be forfeited to the United

\\
\\
\\

-2-

Case 1:04-cv-00008 Document 1-2 Filed 02/27/2004 Page 2 of 6

States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED this 27th day of February, 2004.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and NMI

By: *signature*
KARON V. JOHNSON
Assistant U.S. Attorney

# DECLARATION
## (Exhibit A)

I, FRANKLIN GUTIERREZ, being first duly sworn, do depose and say:

1. That I am employed as a Guam Customs & Quarantine officer, and am presently assigned to the Drug Enforcement Administration as a Task Force officer. I have been assigned to investigate alleged violations of Federal narcotics laws. During the course of my employment I have attended seminars and conferences onthe topic of forfeitures surrounding the trafficking in controlled substances, and have been personally responsible for the seizure and forfeiture of money, vehicles, and other valuables which were the proceeds of Federal drug violations. I have participated in numerous investigations concerning violations of Federal drug laws and money laundering violations.

2. This affidavit is made in support of the Complaint to forfeit a total of $113,102.00 in United States Currency, which was located at the residence of McCarthy O. Carter, at 209 Totot Loop, Ghura 501, Dededo, on November 21, 2003. The defendant $113,102.00 United States Currency was discovered during the execution of a search warrant at that address, and subsequently during an arrest of Carter's person on December 2, 2003. The search occurred after a search warrant was issued for Carter's premises by the Honorable Katherine A. Maraman, and was based on probable cause to believe that McCarthy O. Carter was distributing methamphetamine hydrochloride, also known as ice, a Schedule II controlled substance. During the execution of the search, DEA agents and other assisting law enforcement officers seized the following caches of United States currency, which are listed by DEA CATS number for purposes of the administrative forfeitures which were initially commenced on these monies.

a) $8,310, CATS # 04-DEA-429066. This currency was located in a 2000 BMW

- i -

323IA 4-door sedan, BAR 8289, on November 21, 2003. Carter told officers that the owner of the vehicle was off-island and that he had sole control of it.

b) $97,902.00, CATS # 04-DEA-429063. This currency was located in various parts of Carter's residence during the execution of the November 21, 2003, search warrant.

3. Carter initially agreed to cooperate with federal investigators and was released from custody. Subsequently he was arrested on a federal warrant December 2, 2003. $6,900.00 was seized from his pants pocket at that time, and logged as a DEA administrative forfeiture under CATS # 04-DEA-429464.

4. Carter said he owns a business called Club Pegasus. I inspected the business license records on file at the Guam Department of Revenue and Taxation. The records for the Club Pegasus reflect that it is owned by Manuel Yeban. Among the documents seized in the search of Carter's residence on November 21, officers found a receipt reflecting that Carter had paid $15,000 cash to one Norman Smithers for the Club. On November 21, Carter was in possession of approximately 200 grams net weight of ice. Carter subsequently told DEA investigators that a friend had given him this ice for personal use. The street price for a gram of ice is currently at least $400. Therefore, the approximately value of this ice is $80,000. Based on my training and experience, this quantity of ice is possessed only by dealers trafficking in controlled substances for profit.

5. Based on these facts, there is probable cause to believe that the defendant $113,102.00 United States Currency is the proceeds of drug sales and drug trafficking, and is therefore subject to seizure and forfeiture to the United States Government pursuant to 18 U.S.C. § 981(b) and 21 U.S.C. § 881(a)(6).

6. I have read the contents of the foregoing Complaint for Forfeiture, and this Declaration, attached to the Complaint as Exhibit A. I declare under penalty of perjury that the statements contained therein are true and correct to the best of my knowledge and belief.

FURTHER AFFIANT SAYETH NAUGHT.

_____
FRANKLIN GUTIERREZ
DEA Task Force Agent

SUBSCRIBED AND SWORN TO BEFORE ME on this __26th__ day of February, 2004.

_____
Notary Public

> NOREEN F. SORIANO
> NOTARY PUBLIC
> In and for Guam U.S.A.
> My Commission Expires: Dec. 10, 2005
> Suite 500, Sirena Plaza
> 108 Hernan Cortez Avenue
> Hagatna, Guam 96910

- iii -